# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| United States of America and The ) <br> South Carolina Department of Health ) <br> and Environmental Control, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> Albemarle Corporation, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 5:11-00991-JMC <br><br><br><br><br> **ORDER AND OPINION** |

Plaintiffs United States of America (the "Government") and The South Carolina Department of Health and Environmental Control ("SCDHEC") (collectively "Plaintiffs") filed the instant action against Defendant Albemarle Corporation ("Defendant"), seeking civil penalties and injunctive relief. (See ECF No. 7.)

This matter is before the court pursuant to motions to compel by the Government and SCDHEC. (ECF Nos. 119, 121, 124.) For the reasons set forth below, the court **DENIES AS MOOT** the Government's motion to compel a revised privilege log (ECF No. 119), **DENIES** SCDHEC's motion to compel (ECF No. 121), and **DENIES WITHOUT PREJUDICE** the Government's "first" motion to compel with leave to re-file within thirty (30) days from the date this order is filed (ECF No. 124).

## I.  RELEVANT BACKGROUND

Defendant is a developer, manufacturer, and marketer of complex chemicals. Albemarle, http://albemarle.com/About/About-Overview-180.html (last visited Dec. 23, 2013). Defendant has operated a "fully commercial specialty chemical facility" in Orangeburg, South Carolina (the "Orangeburg facility") for over 25 years. Id. at /About/Orangeburg-58C12.html?LayoutID=9

(last visited Dec. 23, 2013). The Orangeburg facility employs more than three hundred thirty (330) individuals. Id. At the Orangeburg facility, Defendant manufactures the following pharmaceutical products: acetyl chloride, isobutylbenzene ("IBB"), ibuprofen (DR-3), naproxen, naproxen crude/sodium, HCN, and diisopropylphenol (DIP). (ECF No. 7 at 12 ¶ 46.) Effective July 1, 2001, Defendant operated certain manufacturing processes at the Orangeburg facility pursuant to Title V Permit No. TV-1380-0004, which permit designated Defendant as a major source of hazardous air pollutants. (Id. at 15 ¶ 66.)

On April 26, 2011, the Government, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), commenced this action against Defendant, seeking civil penalties and injunctive relief based on alleged violations of the Clean Air Act, 42 U.S.C. §§ 7401-7626, regulations promulgated by the State of South Carolina, and permits issued to Defendant. (ECF No. 1.) On May 5, 2011, Plaintiffs filed an amended complaint against Defendant. (ECF No. 7.) On July 1, 2011, Defendant filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, for a more definite statement. (ECF No. 14.) Plaintiffs filed opposition to Defendant's motion to dismiss or for a more definite statement on August 23, 2011, to which Defendant submitted a reply in support of its motion on September 27, 2011. (ECF Nos. 22, 26.) On March 14, 2012, the court denied Defendant's motion to dismiss or for a more definite statement and, as a result, Defendant answered the amended complaint on March 27, 2012. (ECF Nos. 29, 30.) Thereafter, the court entered a conference and scheduling order March 28, 2012, thereby commencing the discovery period. (ECF No. 31.)

Defendant served a privilege log on the Government on July 19, 2013. (ECF No. 119-2.) On July 25, 2013, the Government advised Defendant that its privilege log was insufficient.

2

(ECF No. 119-1 at 1.)

Also on July 25, 2013, Plaintiffs deposed G. Thomas Kerr, III ("Kerr"), one of Defendant's Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)") designees. (ECF No. 121-3 at 1.) Counsel for SCDHEC asked Kerr if he had ever received a litigation hold notice from Defendant. (ECF No. 121-3 at 4 (227:23-25).) Kerr responded by stating that he "received at least an e-mail or correspondence to that effect," but did not remember the date of the e-mail or correspondence." (ECF No. 121-3 at 5 (228:1-3).) Counsel for SCDHEC then asked Kerr "[w]ould you be able to check into that and give us an answer?" (Id. at 5 (228:17-18).) Thereafter, SCDHEC did not receive any further information regarding the date of the litigation hold notice from Defendant or its counsel. (ECF No. 121 at 2.)

On August 9, 2013, the Government filed a motion to compel production by Defendant of a revised privilege log. (ECF No. 119.) On August 13, 2013, SCDHEC filed a motion to compel Defendant "to inform SCDHEC of the date on which it [Defendant] first issued a written legal hold to key Albemarle employees in this case." (ECF No. 121.) On August 15, 2013, the Government filed a first motion to compel regarding inadequate responses to its production requests and concerns created by its depositions of Defendant's witnesses. (ECF No. 124.)

On August 26, 2013, Defendant filed its response to the Government's motion to compel a revised privilege log. (ECF No. 138.) On August 30, 2013, Defendant filed opposition to SCDHEC's motion to compel. (ECF No. 140.) Thereafter, on September 3, 2013, Defendant provided a response to the Government's first motion to compel regarding Defendant's responses to the Government's requests for production and the preparedness of Defendant's deposition designees. (ECF No. 142.)

On November 5, 2013, the court held a hearing on the pending motions. (ECF No. 161.)

## II.     LEGAL STANDARD FOR MOTIONS TO COMPEL

Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [and r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P 26(b). The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988).

## III.     ANALYSIS

A.     The Government's Motion to Compel a Revised Privilege Log from Defendant (ECF No. 119)

The Government moves for an order compelling Defendant to revise its privilege log, which privilege log was insufficient on its face because it failed "as to each document . . . [to] set[] forth specific facts that, if credited, would suffice to establish each element of the privilege

4

or immunity that is claimed." (ECF No. 119 at 3 (citing Nat'l Labor Relations Bd. v. Interbake Foods, LLC, 637 F.3d 492, 502 (4th Cir. 2011)).) In this regard, the Government argues that Defendant's privilege log is insufficient because it (1) does not recite each element of the privilege, (2) contains descriptions of "work product" which lack any indication that the document was prepared in anticipation of litigation or trial, and (3) contains documents that claim to be subject to the attorney client privilege when an attorney is either not involved or not mentioned in the description; and (4) erroneously cites to the work product privilege for inter-office communications or ordinary business communications with a consultant. (Id. at 4-5 (referencing ECF No. 119-2 at 1 (Ex. Nos. ALBPRIV0000003030-62, ALBPRIV00000327-328, ALBPRIV00000087-164)).) As a result, the Government asserts that Defendant should be required to produce a proper privilege log because the current log fails to provide sufficient information to make even a prima facie showing of privilege.

Defendant does not oppose the Government's motion, asserting that the motion "presents an uncontroversial issue because Albemarle does not object to providing a revised privilege log." (ECF No. 138.) Defendant attached a revised privilege log to its response. (See ECF No. 138-1.)

Upon review, the court notes that the Government did not specify any deficiencies in the revised privilege log submitted by Defendant. (See ECF No. 163 at 85-88.) Instead, the Government maintained that its motion to compel was pending to ensure that the parties were treated equally in regards to the content of their respective privilege logs. (Id.) In response to this representation, the court is persuaded that Defendant has sufficiently responded to the Government's concerns. Therefore, the Government's motion to compel a revised privilege log is denied as moot.

B.     SCDHEC's Motion to Compel (ECF No. 121)

SCDHEC moves the court to compel Defendant to provide SCDHEC with an answer to a deposition question requesting the date on which Defendant or its counsel first issued a written legal hold to key employees in this case.  (Id. at 1.)  Specifically, SCDHEC asserts that during Kerr's deposition, the litigation hold question was asked, which question Defendant did not object to.  (ECF No 121-3 at 4 (227:23-25), 5 (228:1-22).)  SCDHEC further asserts that Kerr stated that he would attempt to find and review relevant documents and provide the answer.  (Id. at 5 (228:17-20).)  As a result, SCDHEC complains that neither Defendant nor its counsel provided SCDHEC with the answer Kerr said he would provide.  (ECF No. 121 at 2.)

Defendant opposes SCDHEC's motion, asserting that the litigation hold question was outside the scope of the Fed. R. Civ. P. 30(b)(6) notice of deposition.  (ECF No. 140 at 2 (referencing ECF No. 140-1), 3 (citing E.E.OC. v. Freeman, 288 F.R.D. 92, 99 (D. Md. 2012); Falchenberg v. N.Y. State Dep't of Educ., 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008).)  In this regard, Defendant argues that its deponents were not required to possess the answer to SCDHEC's legal hold question because Plaintiffs' notice of deposition failed to list Defendant's litigation hold as a topic for examination.  (Id.)  Defendant further argues that "[b]ecause [SC]DHEC's Notice did not list [Defendant] Albemarle's litigation hold as a topic for examination, [SC]DHEC's request for an order compelling answers to questions on that topic altogether lacks basis and warrants denial."  (Id. at 4.)

Upon review, the court notes that the exchange between Kerr and counsel for SCDHEC does not contain as specified a promise as SCDHEC claims:

    Q.    Would you be able to check into that and give us an answer?
    A.    If it's in an e-mail, I can find it.  I'm not sure if we have a record of any of that.
    Q.    Okay.  And how do you retain e-mail?

(ECF No. 121-3 at 5 (228:17-20, 23)).  The language used by Kerr can be read to imply that he will look for the e-mail containing relevant information, but it is not definitive.  The language used further does not definitively show an actual request by counsel that Kerr find the e-mail containing the relevant information and forward the relevant information to counsel for Defendant.  Moreover, the court is not aware of any promise by Defendant or its counsel to provide the requested information.  Based on the foregoing, the court is not inclined to require Defendant to produce information outside the scope of the Rule 30(b)(6) deposition notice based on the aforementioned exchange between Kerr and counsel for SCDHEC.  See generally Freeman, 288 F.R.D. at 99 ("The deponent's answers to questions outside the scope of the notice will not bind the organization, and the organization cannot be penalized if the deponent does not know the answer.") (citations omitted).  Accordingly, SCDHEC's motion to compel must be denied.

C.     The Government's First Motion to Compel (ECF No. 124)

The Government generally moves the court to compel Defendant (1) to identify custodians reasonably expected to possess relevant documents responsive to the Government's discovery requests; (2) to provide Fed. R. Civ. P. 30(b)(6) witnesses who can testify based on Defendant's knowledge, rather than the individual witnesses' personal knowledge and memory; and (3) to provide appropriate responses to the Government's requests for production, which requests were either not adequately responded to, were incorrectly objected to on the basis of relevance, or resulted in a totally non-responsive answer.  (Id. at 2.)  The Government advised the court that it was hopeful that the parties could resolve this motion, but filed it in "a protective fashion."  (Id.)

In response to the Government's motion to compel, Defendant asserts that the parties are

7

attempting to work out their issues and the motion should be denied. (ECF No. 142.)

On December 18, 2013, the court was advised by the parties via e-mail that they had not resolved all the issues contemplated by the Government's motion to compel. As a result, the Government would not withdraw its motion to compel.

The court admittedly told the parties that it would not rule on this motion unless it was advised by the Government that the motion was ripe for review. (ECF No. 163 at 5:6-6:7.) However, upon further consideration, the court finds that the instant motion fails to specify a failure by Defendant that warrants maintaining its pending status on the court's docket. Therefore, the court dismisses the Government's motion to compel without prejudice with leave to re-file within thirty (30) days from the date this order is filed.

## IV.    CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court hereby **DENIES AS MOOT** the United States of America's motion to compel a revised privilege log, **DENIES** the motion to compel of The South Carolina Department of Health and Environmental Control, and **DENIES WITHOUT PREJUDICE** the United States of America's first motion to compel with leave to re-file within thirty (30) days from the date this order is filed. (ECF Nos. 119, 121, 124, respectively.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 23, 2013
Greenville, South Carolina

8